1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11   REGINA COBB,                                         CASE NO. 1:12-cv-00875-LJO-SKO

12                        Plaintiff,                      **ORDER DISMISSING PLAINTIFF'S**
                                                          **COMPLAINT AND GRANTING**
13          v.                                            **THIRTY DAYS LEAVE TO AMEND**

14
     GREGORY COBB,                                        (Doc. 2.)
15
                         Defendant.
16   _____/

17
## I.  INTRODUCTION
18
            Regina Cobb ("Plaintiff") is proceeding *pro se* in this action filed under 8 U.S.C. § 1183a
19
     (2009), *as amended by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996
20
     ("IIRIRA"), Pub. L. No. 104-208.[1]  For the reasons set forth below, Plaintiff's complaint shall be
21
     DISMISSED without prejudice and with 30 days leave to amend.
22
## II.  FACTUAL BACKGROUND
23
            On May 23, 2012, Plaintiff filed a complaint asserting that Gregory Cobb ("Defendant") is
24
     "breaking federal law" in violation of 8 U.S.C. § 1183a, by failing to provide Plaintiff with adequate
25
26
27
_____
28
            [1] Although Plaintiff's complaint does not reference 8 U.S.C. § 1183(a), Plaintiff's civil cover sheet cites 8
     C.F.R. § 213a.2 (2012), the federal regulation promulgated under 8 U.S.C. § 1183a.

financial support as required by Defendant's obligations under a "signed affidavit of support."[2] (Doc. 1, p. 1.)  Plaintiff alleges that Defendant, her sponsor, signed an affidavit of support on behalf of Plaintiff before she immigrated to the United States in June 1999. (Doc. 1, p. 1.) Plaintiff states that she and Defendant married in August 1999, had a son in April 2000, and that Plaintiff became a permanent resident of the United States in 2003. (Doc. 1, p. 1.)  Plaintiff contends that she and Defendant are now involved in ongoing divorce proceedings in state court, and that in May 2012 the state court judge reduced Defendant's alimony payments to zero. (Doc. 1, p. 2.)  Plaintiff seeks an award of $10,920 in alimony for the period of November 2011 to May 2012. (Doc. 1, p. 2.)  Plaintiff also seeks relief from the Court of "alimony at least at 125% of poverty level [sic] in California" from Defendant.  (Doc. 1, p. 2.)

## III.  DISCUSSION

### A.    Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED

Along with the complaint, Plaintiff also filed a motion to proceed without the prepayment of fees. (Doc. 2.)  Plaintiff's motion to proceed *in forma pauperis* demonstrates entitled to proceed without prepayment of filing fees and is therefore GRANTED.

### B.    Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

---

[2] Plaintiff did not provide a copy of the affidavit of support.

R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.   Analysis**

**1.   No Subject-Matter Jurisdiction Over Claim for Alimony**

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Courts have an independent duty to consider their own subject matter jurisdiction, whether or not the issue is raised by the parties, and may, *sua sponte*, dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state."  Plaintiff alleges an amount in controversy of $10,920, which fails to meet the $75,000 threshold.  (Doc. 1, p. 2.)  Moreover, "the district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).  Plaintiff alleges that she became a permanent resident of the United States  in 2003. (Doc. 1, p. 1.)  Plaintiff claims San Diego, California, as her county of

3

1   residence. (Doc. 1-1.) Plaintiff alleges that Defendant is a resident and citizen of Fresno, California.

2   (Doc. 1-1.)   As Defendant is a citizen of California and Plaintiff is a permanent resident also

3   domiciled in California, the Court has no diversity jurisdiction over this matter.

4         Even if the requirements for diversity jurisdiction were satisfied, "the domestic relations

5   exception . . . divests the federal courts of power to issue divorce, alimony, and child custody

6   decrees" when subject-matter jurisdiction is based on diversity. *Ankenbrandt v. Richards*, 504 U.S.

7   689, 703 (1992).  Plaintiff's complaint requests an award of $10,920 for alimony allegedly owed by

8   Defendant from November 2011 to May 2012.   The Court has no jurisdiction to award Plaintiff

9   alimony, as it is clear that "the jurisdiction of the Courts of the United States over divorces and

10   alimony always has been denied." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (citing

11   *Barber v. Barber*, 62 U.S. 582, 584 (1858)).  Plaintiff's request for unpaid alimony is more properly

12   brought before the state court in the ongoing divorce proceeding.

13        **2.**      **Plaintiff's Claim for Breach of Affidavit of Support is Not Cognizable**

14         Although presented as a claim for "alimony," it appears that Plaintiff may be attempting to

15   set forth a claim for breach of an affidavit of support pursuant to 8 C.F.R. § 213(a).  Plaintiff alleges

16   that she came to the United States in 1999 and that Defendant served as her sponsor.  In acting as

17   Plaintiff's sponsor, Defendant allegedly signed an affidavit of support "before he brought [Plaintiff]

18   to the US in 1999." (Doc. 1, p. 1.)  Plaintiff alleges that Defendant "is breaking federal law" by now

19   refusing to provide support pursuant to a "signed affidavit of support."   (Doc. 1, p. 1.)   The

20   complaint itself does not specifically cite the applicable statutory authority under which Plaintiff's

21   claim arises, but the civil cover sheet references 8 C.F.R. § 213a.

22         Section 213a.3(d), Title 8 of the Code of Federal Regulations states in relevant part that a

23   "sponsored immigrant . . . may seek enforcement of the sponsor's obligations [under the affidavit

24   of support] through an appropriate civil action."  This regulation is promulgated under 8 U.S.C. §

25   1183a, which also expressly creates a private right of action allowing a sponsored immigrant to

26   enforce an affidavit of support.  8 U.S.C. § 1183a(e) ("An action to enforce an affidavit of support

27   . . . may be brought against the sponsor in any appropriate court by a sponsored alien, with respect

28   to financial support.").

Plaintiff does not provided sufficient details about the alleged affidavit of support to adequately state a claim under 8 U.S.C. § 1183a or 8 C.F.R. § 213a.  Specifically, Plaintiff fails to specify the form on which Defendant allegedly executed an affidavit of support.  Section 1183a of Title 8 of the United States Code was significantly amended by the IIRIRA of 1996.  Pursuant to the IIRIRA, an affidavit of support filed on behalf of an immigrant is enforceable as a contract.  8 U.S.C. § 1183a(a)(1)(B).  The amendment required the use of the new I-864 Form, rather than the old I-134 Form.  Accordingly, "the contractual obligations imposed by the IIRIRA on an affidavit of support made on an I-864 Form do not attach to affidavits of support made on an old I-134 Form." *Tornheim v. Kohn*, No. 00 CV 5084(SJ), 2002 WL 482534, at *4 (E.D.N.Y. Mar. 26, 2002).  Other federal courts have repeatedly upheld this conclusion. *Rojas-Martinez v. Acevedo-Rivera*, No. 09-2048, 2010 WL 2404437, at *2 (D.P.R. June 8, 2010); *Cheshire v. Cheshire*, No. 3:05-cv-00453-TJC-MCR, 2008 WL 1208010, at *2 (M.D. Fla. May 4, 2006); *Zirintusa v. Whitaker*, No. 05-1738 (EGS), 2007 WL 30603, at *5 (D.D.C. Jan. 3, 2007); *Stump v. Stump*, No. 1:04-CV-253-TS, 2005 WL 1290658, at *4 (N.D. Ind. May 27, 2005).  Plaintiff must amend her complaint to clearly set forth the form on which the affidavit of support was executed and set forth the statutory authority under which her claim is filed in the body of the complaint.

### 3.    The Ongoing State Divorce Proceeding

It is unclear whether Plaintiff raised the affidavit of support as an issue in the ongoing state divorce proceeding.  (*See* Doc. 1.)  To the extent the affidavit has been brought to the attention of the state court, the Court notes that abstention may be appropriate under one of the applicable abstention doctrines. *See, e.g.*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).  Before the Court can determine whether abstention is appropriate in this case, Plaintiff must clearly set forth whether the affidavit of support has been raised as an issue before the state court, and what, if any, determination has been made by the state court.

### D.    Amendment of Pleadings

For the reasons set forth above, the Court DISMISSES Plaintiff's complaint without prejudice and with leave to amend.  Plaintiff is advised that Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of the Defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint be DISMISSED without prejudice and with leave to amend; and

2.    Plaintiff SHALL file an amended complaint within thirty (30) days from the date of this order.

IT IS SO ORDERED.

**Dated:    July 3, 2012**                          **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE